VERSON D. COOMBS *vs.* JAMES E. HOGAN, Executor.

Cumberland. Opinion November 20, 1917.

*Executors and administrators. Proof necessary in actions against executors or administrators to recover for board and lodging furnished deceased.*

Assumpsit to recover for board and lodging furnished Hannah B. Hogan, deceased. It is before the court on general motion to set aside the jury's verdict in plaintiff's favor.

Mrs. Hogan made her home for many years with the plaintiff. She devised all of her property, a small homestead valued at about $1,000, to her only son whom she made executor of her will. The plaintiff contends that in consideration of board and maintenance in his household the deceased had promised a number of years prior to her death to divide her property in equal shares between the son, the plaintiff's wife and her step-daughter, and he relies upon both express and implied promise to maintain this action.

*Held:*

1. In cases of this nature it must appear that the parties understood or, under the circumstances should have understood, that compensation of some sort was to be made for the services rendered and sustenance furnished.

2. The right of recovering in actions of this kind depends either upon an express or implied promise, and the evidence must show a valid and satisfactory basis for such a promise.

Action of assumpsit to recover the sum of $805.00 for board and lodging furnished Hannah B. Hogan, deceased. Defendant filed plea of general issue. Verdict for plaintiff in the sum of $504.00. Defendant filed motion for new trial. Motion sustained.

Case stated in opinion.

*Connellan & Connellan, and Harry H. Cannell,* for plaintiff.
*William T. Hall, Jr., and Frederic J. Laughlin,* for defendant.

SITTING: CORNISH, C. J., BIRD, HALEY, HANSON, MADIGAN, JJ.

MADIGAN, J.  This is an action of assumpsit for board and lodging furnished Hannah B. Hogan, deceased.  It is before the court on a general motion to set aside the jury's verdict in favor of the plaintiff.  Mrs. Hogan left two children, the defendant and the plaintiff's wife, and a step-daughter.  She had made her home for many years in the plaintiff's household.  By will she left all of her property, a small homestead valued at about $1,000, to her son, contrary to the expectations of the plaintiff, who contends that at least ten years before Mrs. Hogan's death she agreed to leave her property in equal shares to the son, daughter, and step-daughter.

As the basis for the action there must be evidence of either an express or implied promise.  An express promise the plaintiff urges is found in the alleged agreement to leave one-third of her property to the plaintiff's wife.  The only evidence supporting this contention is found in the testimony of the step-daughter.  Her story is to the effect that some fourteen years before the mother's death the step-daughter accused the mother of having wrongfully obtained the title to the property, to which she says the mother made no denial; that the step-daughter told the deceased if she would make her home in the plaintiff's family during the balance of her life and leave the property in equal shares to herself and Mrs. Hogan's two children it would be all right, to which she says Mrs. Hogan agreed; and that some years later when the mother was ill the witness through a closed door heard Mrs. Hogan say to the plaintiff that she wished to make disposition of her property and the plaintiff assured the deceased that that was all settled, she was to stay there and the property was to go to the three children.—The witness testified that on neither occasion was the subject of board or its price discussed.  Attacked as it is by other testimony we find here no convincing evidence of an express promise.  It is unsupported by any testimony except that of the witness, and resembles an ultimatum by the witness rather than a contract between the deceased and the plaintiff.  Mrs. Hogan stated to others that she felt she had done enough for her daughter and her family and that her property should go to her son.  She cooked,

washed, scrubbed, lugged coal, swept and dusted in the plaintiff's household, practically up to a short period before her death. The daughter was ill and incapacitated for labor for a long time and spent much time away from home. Several years preceding her death, while the deceased was keeping house in Bath and the plaintiff was practically blind, he with his family asked Mrs. Hogan to take them in. For some six or eight months they lived with the mother, she doing dressmaking to support them. This testimony disproves not only the express but also the implied promise. It must appear in cases of this nature that the parties understood, or under the circumstances, should have understood, that compensation of some sort was to be made for the services rendered and sustenance furnished. *Leighton* v. *Nash*, 111 Maine, 525. There is not the slightest evidence that talk of board was ever mentioned and the services rendered by the deceased to the plaintiff and his family during their health and sickness indicated that the same was compensation sufficient for benefits received. Her labor made it possible for the plaintiff to sustain his family without hired help. She received no unusual consideration, and was housed no better than a maid of all works. In our judgment the evidence is insufficient to sustain the plaintiff's claim.

*Motion sustained. New trial granted.*